Our next case for this morning is Fredrickson v. Landeros. Mr. DeCiani. Thank you, Your Honor. Thomas DeCiani for the defendant, Tizoc Landeros. Detective Landeros is a detective for the city of Joliet. He was in charge of the sexual offender registration program for the city of Joliet. Joliet has a lot of sexual offenders who register. The plaintiff was a sex offender who was homeless. He registered weekly with Mr. Landeros. You say Joliet has a lot of these? Yes, according to Mr. Landeros, 250 a year. So can I ask whether Detective Landeros concedes that he was behaving with animus against Mr. Fredrickson? Well, no, he does not concede that. That's a problem, isn't it? I thought in your reply brief you said that he did. No, I don't. But what I will say is that's not what we're appealing. We would contest the question of animus. However, that's not what we're appealing here. We would concede that there is evidence of animus. And I think that goes to the heart of the qualified immunity question here. To what extent does evidence of animus wipe out the other elements that the Class of 1 Equal Protection Claim has? There is an objective part of the Class of 1 Equal Protection Claim. Can I just call your attention? It's page 9. I knew I saw this somewhere. In the first full paragraph on page 9, you say, Landeros certainly contests that he acted with animus toward plaintiff, but not in this appeal. So that's what made me think that at least for purposes of this appeal, we should proceed the way one does to get the factual issues off the table. To the extent, if there is an extent that that's relevant, Landeros is conceding animus for the time being. Evidence of animus. Evidence of animus. That's not quite what you say here, but not in this appeal. So here's the problem. A lot of the cases you cite in the reply brief are substantive due process cases, and this is not a substantive due process theory. This is an Equal Protection Class of 1 theory, where essentially, like in Ganowski, one person says, I was treated this way by the police. Virtually everybody else in the town was treated in a different way. I'm a class of 1. In this nightmarish registration system that Illinois seems to have, Fredrickson says, I was trying to re-register in Bolingbrook. Landeros prevented that from happening, prevented me from taking my job in Bolingbrook. Then I go back to Joliet. I'm stuck in this thing. Landeros has it in for me, and there's absolutely no rational basis for preventing me from registering in Bolingbrook. Why can't he at least go forward on that, even if, obviously, on the merits, Landeros might prevail? Maybe he can show there's no animus. Maybe he can show this court wasn't able to decide in Del Mar Cell whether that was actually something of any interest or not. I think what Your Honor is asking is, does evidence of animus wipe out... Does it help support the idea that there's no rational basis? No. The rational basis analysis has to be an objective one. I'll quote the court from Ferris Pawn. If we, this court, meaning yourselves, can come up with a rational basis for the challenged acts, that will be the end of the matter, animus or no. So what if, looking at these facts, one thinks, what conceivable legitimate reason could Landeros have had to effectively make impossible the Bolingbrook registration? It seems that Mr. Fredrickson is just running back and forth from Bolingbrook to Joliet registering, because every three days there's a new requirement. I think the answer to the question is in how you framed it. What Landeros did, and I think for purposes of qualified immunity, we have to look very specifically at what Landeros... We all know this, but everybody's got their specific stories. We have to look very specifically, though, at what Landeros is accused of doing. He got a phone call that said, we've got one of your sex offenders here registering. He didn't transfer a leads file. But there's no requirement, and as a matter of fact, if one were trying to run this system, it seems to me you'd want the person to register in Bolingbrook first, and then go back and deregister in Joliet, rather than deregistering Joliet first, having a gap, not be registered anywhere, and then go to Bolingbrook. So I think Fredrickson did it the way the system wants you to do it. Well, the system doesn't say exactly how you do it. You have to do it within three days. Would you agree that it would be silly to create the gap if you look at the purposes of these registration laws? They want to keep track of people at all times. No, I think that the way the statute is written, and the cases have supported this, it is up to the jurisdiction where a person is registering to keep track of where they are. So if somebody goes someplace and says, I'm moving here, then a week later they're going some other place and moving there. That's not the hypothetical. Suppose he had gone to Joliet, said, I'm moving to Bolingbrook, and so please make that notation in your records. But he hasn't moved to Bolingbrook yet. So Joliet calls Bolingbrook, and they say, we don't have any record of Mr. Fredrickson. True statement, because he hasn't gone there yet. They might say, well, we won't allow you to unregister until you go to Bolingbrook. So, of course, what Mr. Fredrickson does is he goes to Bolingbrook, tries to register, and Landeros refuses to transfer the Leeds file. Right, but is any of this clearly unlawful? Yes, to totally get in the way of to treat Mr. ... because there's testimony in the record that no one else has ever been treated this way. We may, you may disagree with that, but that's the testimony. Well, it's never come up. And that's part of the problem. Counsel, are you conceding that there is a right to register? It's a matter of federal constitutional law. I ask this because this court held earlier this year that there is no such right. No due process right. No due process right. Under Bailey. That the governing right is a right not to be taken into custody when you were denied a right to register. But there is no right to register. Right, there's no right to be free of fear of apprehension. But there is a right to equal treatment. Anyway, that's Bailey against Chicago. Correct. And I notice that you have not cited Bailey. No one has cited Bailey. No, I cited Bailey. Actually, Bailey came out after our initial brief, before our reply brief. And I did cite Bailey. I cited Bailey on Oh, I have to take it back. It's on page 15 of your reply brief. The last possible set of words. Right. And I did raise it because the district court said that the injury here is fear of apprehension. And my argument in raising Bailey Well, Bailey rejected that. Correct. Correct. His theory though, the theory that he's hung his hat on in this court and in the district court is that this is not a due process case. Good for him. Bailey would have made that a failure. But just because you don't have a due process right to register doesn't necessarily mean that the court can that the town can say, we allow all left handed people to register but we don't allow anyone who's right handed to register. Well, that would be clearly irrational. That would be clearly irrational. Well, and he is, and so I'm just, I agree with you that that would be irrational. But the other thing is his theory is that not a due process right to register, but to whatever extent you're registering people, you have to treat me the same. Correct. And that, he says, is a clearly established right. The only thing The same. His position is what makes Landeros conduct irrational is animus. That's their position. And if that's their position, you take away qualified immunity from every class of one case. Well, there are lots of class of one cases with no animus, for sure. Well, but what did you say? I mean, you said it, I thought it was the prescient you said it in Del Marceau. If the rules are vague  Right. I'm not sure that that's his case. But anyway, I'm going to let you save a minute for rebuttal because there may be more that you would like to say. Ms. Elsner. So is this just an animus case, Ms. Elsner? No, Your Honor, this is not just an animus case. In this case, the plaintiff provided sufficient evidence to overcome qualified immunity at summary judgment that Detective Landeros acted without any rational basis and with personal animus in violation of his equal protection rights. And the district court quickly waived the evidence in order to find that. So does Beller hurt your case in any way? The Belly case? The Chicago case. Beller. No, Your Honor. Our due process We are not raising a due process claim. We are not raising a due process argument. But the holding of Bailey, as I understand it, is that not being allowed to register in violation of state law is not an injury. And if there's no injury, it doesn't matter what legal query you trot out. The injury Bailey holds is being arrested and put in custody for not registering. But if there is no injury, if that's the holding of Bailey, how could changing the Your Honor, the injury here is that Mr. Fredrickson was forced to quit a job in Bolingbrook. He was forced to move back to Joliet. So in other words, there was something concrete. Surely being put in custody is an injury. But you'd have to ask if Bailey says that's the only injury that's possible. Or whether the concrete injury of losing this car repair job he had in Bolingbrook and needing to move back to Joliet, where he is actually prosecuted, right? So he also has the custody injury as well. Your Honor, we're not raising that issue on this appeal. But, you know, in Janowski and in Brunson, for example, this court has not held that there is a due process or a constitutional right not to get a parking ticket or that there is a constitutional right not to have a delay in obtaining your liquor license. What this court has held is that there is a constitutional right not to be a victim of harassment and threats by a police officer and for no reason other than... Well, unequal treatment, in other words. So even though you don't have a right not to get a parking ticket just as you don't have a right not to suffer these various problems with the registration regime, you do have a right to be treated equally. Correct, Your Honor. And the evidence in this case is, as you noted, full of evidence that this is the only time this has ever happened. This is the only time that anybody's ever recalled such a thing. That actually sounds like an argument for the defendant. You know, when I pick up these papers, what I see in them is a claim that the defendant violated Illinois law and to violate Illinois law is to violate the Constitution. And you then say, well, it's only happened once. Right in the whole history of Illinois, there's only been one violation of this law. And that just sounds like a reason why we should be saying you can't use the Constitution to enforce state law. So what is it that distinguishes this from the claim, which the Supreme Court has held to be sanctionably frivolous, that the defendant violated state law and by doing that violated the Constitution? Your Honor, what we have alleged in this case and what the District Court found there was sufficient evidence in order to survive summary judgment in this case is that there was a years-long pattern of harassment. Detective Landeros frequently threatened Mr. Fredrickson with Joliet. He, in fact, did arrest Mr. Fredrickson for failure to register, which he was later acquitted for after spending a year in jail. He threatened him again in January 2011 when Mr. Fredrickson said, I'm going to move to Bolingbrook and leave Joliet, mostly out of fear that he was being subjected to this harassment by Detective Landeros. So you're saying that's beyond just not complying with state law. That's harassment. Indeed, Your Honor. It's harassment and it's personal animus. The District Court in this case found that the evidence showed that Detective Landeros' actions were extraordinary and that Detective Landeros, there was strong enough animus in this case that Mr. Fredrickson should be permitted to present these claims to a jury. Again, this is a summary judgment and at summary judgment Mr. Fredrickson needed to pass a high burden and hurdles such that he needed to show sufficient evidence that a reasonable jury could find that Detective Landeros acted out of personal animus when he took his actions. So it's a concerted campaign of persecution against Mr. Fredrickson. Correct, Your Honor. And Landeros wasn't doing that to other people, one assumes. Correct. And Detective Landeros in this case has admitted that generally he would update registration forms upon request. He admits that generally he would transfer a leads file and couldn't think of no reason why one wouldn't do that. Detective Landeros also admits that he had no reason to believe that Mr. Fredrickson wasn't living in Bolingbrook at the time that Mr. Fredrickson decided... Was a suit filed concerning the wrongful prosecution? I don't believe so, Your Honor. Isn't that the right thing to complain about? Well, under... Because he was convicted of that claim, we cannot challenge the underlying conviction. I think he's talking about the acquittal one, where he's in prison for a year and he's acquitted. Your Honor, we have not done that. Was that pre-trial detention and he wasn't sentenced? Correct. He was in pre-trial detention in jail for over a year, living in jail. Because of an offense, he was there because he was there. Awaiting trial. Awaiting trial. So, you know, in this case, Detective Landeros, there's long evidence of animus, as the district court found. He had arrested Mr. Fredrickson on two separate occasions. Mr. Fredrickson had subjected him to threats of arrests again, and so Mr. Fredrickson took the move somewhere else. But he could not do that because he was prevented from registering in Bolingbrook by Detective Landeros. And again, the state does have an interest in making sure that homeless sex offenders are registered. And Detective Landeros' actions here thwart that state interest, which again shows why his actions had no conceivable rational basis. Because if they did, then we would want Mr. Fredrickson to be registered in Bolingbrook. We would want Bolingbrook to be able to electronically file that registration in the system, so that everybody in Illinois knew where Mr. Fredrickson was. But that's not what happened here. What happened here was that Detective Landeros, for reasons purely out of spite and personal vindictiveness, decided not to let Mr. Fredrickson register and not Oh, well, I agree. What was the nature of the sex offense? I believe it was a crime against an underage woman. I would also like to address the fact that it is our position that this court does not have jurisdiction over this case. Detective Landeros' argument is based upon his assertion that his actions had a rational basis and that he did not act with animus. Those are fact questions for the jury. And at this stage, under Johnson and under Swanson, this circuit does not have jurisdiction to go back into the factual record and determine the sufficiency of the evidence with respect to those questions. And for those reasons, unless the court has any other questions, we ask that this court either dismiss this case for lack of jurisdiction or affirm the district court's ruling because Mr. Fredrickson presented sufficient evidence at the summary judgment stage. Thank you. Thank you, Ms. Delsner. Mr. DeCiani, you can have a full minute. Thank you, Your Honor. A few very important points to make. Your Honor raised the question of whether there was a custody interest affected here, and there was not. The arrest took place a month later, and it was for conduct completely unrelated to the failure to transfer the leads file. And he was convicted of that, so completely unrelated. Secondly, they argue that there was a pattern of harassment. I think you called it persecution. That is not what the case is about. What the district court identified as this pattern, that goes to animus. But it doesn't go to wrongful conduct. First of all, there was no evidence, and it wasn't even litigated, whether the first arrest, there was anything wrong with that in terms of no probable cause or any misconduct by the defendant. Just because he was found not guilty doesn't mean that there was anything improper. Secondly, the arrest that took place in 2010, he was convicted of that. The third one, the arrest that took place in March, he was convicted of that. So none of those can be, under United States v. Moore, they cannot argue that any of that was part of a pattern of prosecution of persecution under the class of one claim. Thank you.